IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,

v.                                                                                              CIV 05-1074 BB/CG
                                                                                    CR  02-953 BB

JOSE ESTEBAN GUERRERO,

       Defendant-Movant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Defendant Guerrero's § 2255 motion, *Doc. 1*, which the United States contends is time-barred, *see Doc. 16*. Defendant also filed a motion to amend, *Doc. 22,* a motion to subpoena state court records, *Doc. 23,* and a motion to strike the United State's response, *Doc. 19*. I find that the matter is not time-barred and therefore recommend that the United States respond to Defendant's motion to amend, motion to subpoena, and address merits of the claims raised in the original § 2255 motion. I further recommend that Defendant's motion to strike be denied as moot.

## I.  Factual & Procedural Background Of Underlying Criminal Cases

### *A.  Criminal Action Number 01-683*

There are two distinct but related criminal suits involving Guerrero. The first was initiated by a two-count indictment that charged him with distributing 500-plus grams of methamphetamine on May 14, 2001, and with illegal reentry. *See United States v. Guerrero,* CR 01-683 BB (Doc. 8). The trial was continued several times while the assigned Federal Public

Defender awaited lab results on the drugs and fingerprints. *See id.* (Docs. 20, 23, 27). The Federal Public Defender also moved to have the illegal reentry count "redacted," arguing evidence of prior convictions was unnecessary to support the illegal reentry count and would be prejudicial. *See id.* (Doc. 26).

After the Federal Public Defender withdrew due to a conflict, new counsel entered an appearance and continued the matter again. *See id.* (Docs. 32, 33). Thereafter, the United States notified Defendant that it would seek an enhanced sentence for a distribution conviction since Guerrero had a prior conviction from Maricopa County Arizona Superior Court for conspiracy to possess cocaine. *See id.* (Doc. 49).

Among other things, new defense counsel also moved to sever the counts because of the asserted prior conviction. *See id.* (Doc. 50). The United States countered that it wanted to dismiss the distribution count because '[b]ased upon additional evidence obtained to date in this cause, the government is not prepared to proceed with the prosecution of [the distribution count] at this time, and will investigate the matter further." *Id.* (Doc. 54 at 2). The United States further noted that defense counsel did not oppose the motion and that granting its request would moot the defense motion to sever. *Id.* at 1-2.

District Judge Black granted the United States's motion. On May 3, 2002, Defendant pleaded guilty to illegal reentry, in a hearing where the minutes indicate that the United States was "not bound to not file new charges." *Id.* (Doc. 59); *see also id.* (Docs. 58, 60).

### B. Criminal Action Number 02-953

Within two weeks after the plea to illegal reentry hearing, the United States filed a criminal complaint against Guerrero for the May 14, 2001 distribution of 500-plus grams of

methamphetamine.  His former Federal Public Defender is listed as counsel of record in the Magistrate Judge proceedings.  However, when the June 11, 2002 indictment was filed, his attorney from the illegal reentry suit was appointed to represent Guerrero in this new criminal matter as well.  *See United States v. Guerrero*, M 01-286 RLP (Docs. 1, 5, caption sheet); *United States v. Guerrero,* CR -02-953 BB (Doc.  2).

Though the new indictment was for the same single transaction and the same 500-plus quantity, but it named a codefendant and asserted three separate crimes against each defendant – conspiracy to distribute the drugs, possession with intent to distribute the drugs, and actual distribution of the drugs.  *United States v. Guerrero,* CR -02-953 BB (Doc.  1).  Judge Black was assigned the case and it too was considerably delayed, in part because the co-defendant was at large and requested extensions after he was apprehended.  *See, e.g., id.* (Docs. 4, 9, 23, caption sheet).

At a hearing on August 19, 2002, Judge Black sentenced Guerrero to eighteen months imprisonment on the illegal reentry charge, and the first criminal case was "termed" as of that date.  *See United States v. Guerrero,* CR 01-683 BB (Docs. 62, 63, caption sheet).  Thereafter, in the second case the codefendant pleaded guilty to an information charging him with posession with intent to distribute less than 50 grams of methamphetamine.  *See, e.g.*, *United States v. Guerrero,* CR -02-953 BB (Docs. 58, 60).  Guerrero chose to go to trial.  *See, e.g., id.* (Doc. 65).

After his conviction on all three counts, the United States notified Guerrero that it would seek an enhanced sentence for each of the three counts, this time based on two prior felony convictions.  *See id.* (Docs. 67, 72).  As a result of the enhancements, Guerrero was sentenced to

life imprisonment without the possibility of release. *See id.* (Doc. 73, 76). His codefendant received fifteen months. *Id.* (Doc. 85).

### C. The Appeals

Despite a waiver of the right to appeal his conviction and sentence for illegal reentry, Guerrero attempted to appeal the illegal reentry conviction *pro se,* a few days after he was sentenced to life in the methamphetamine case. The illegal reentry appeal was later dismissed for lack of prosecution. *See United States v. Guerrero,* CR 01-683 BB (Docs. 65, 66).

Meanwhile, in the methamphetamine case, Guerrero's trial attorney filed a notice of appeal on March 11, 2003. Another attorney took over the briefing during the direct appeal. *See United States v. Guerrero,* CR -02-953 BB (Docs. 78, 87). Appellate counsel raised four issues: (1) prejudicial misconduct by the prosecutor during closing argument; (2) sufficiency of the evidence regarding conspiracy; (3) prosecution failure to strictly comply with notice requirements for sentence enhancement; and (4) failure to prove the two prior felonies. The Tenth Circuit rejected these arguments and affirmed the judgment on February 2, 2004. *United States v. Guerrero,* 89 Fed. Appx. 140 (10th Cir.), *cert. denied,* 543 U.S. 898 (2004).

Still represented by appellate counsel, Defendant timely filed a petition for certiorari with the Supreme Court of the United States on April 29, 2004.[1] There Guerrero's attorney raised the same four assignments of error. After briefing, the Supreme Court denied certiorari on

---

[1] The Tenth Circuit entered its opinion on February 2, 2004 and, therefore, Guerrero had ninety days, or until Monday, May 3, 2004 to petition for certiorari. *E.g., Clay v. United States,* 537 U.S. 522, 525 (2003). Counsel filed Thursday, April 29, 2004. *See Guerrero v. United States, No. 04-5406* (Supreme Court docket sheet, available on Westlaw.com through Keycite for 89 Fed. Appx. 140).

October 4, 2004.[2]

## II.  Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations for § 2255 motions.  The earliest date the statute begins to run is from the date when the judgment of conviction "becomes final."  *E.g., Dodd v. United States,* 545 U.S. 353, ___, 125 S. Ct. 2478, 2481 (2005).  When a petition for certiorari is filed, the judgment becomes "final" on the date the Supreme Court denied certiorari.  *See, e.g., Clay v. United States,* 537 U.S. 522, 527 (2003).[3]  The Tenth Circuit calculates the one-year period by "anniversary date."  In other words, if the statute began to run on a October 4, 2004, then the § 2255 petition is due no later than October 4, 2005.  *See, e.g., United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003).  Moreover, with *pro se* prisoner submissions, the "prison mailbox rule" applies.[4]

It is plain that Judge Black's prior order dealing with initial matters recognizes that Guerrero's § 2255 motion is timely.  In it he notes that the Supreme Court denied certiorari on October 4, 2004, Guerrero signed his § 2255 motion less than one year later on October 3, 2004,

---

[2] *See Guerrero v. United States,* 543 U.S. 898 (2004); *Opening Brief of Appellant Guerrero,* 2003 WL 23539735 at 1 (1/1/03); *Appellee's Answer Brief,* 2003 WL 23539734 (8/1/03); *Reply Brief of Appellant,* 2003 WL 23539736 (8/27/03); *Guerrero v. United States, No. 04-5406* (Supreme Court docket sheet, available on Westlaw.com through Keycite for 89 Fed. Appx. 140).

[3] *See also United States v. Arrington,* ___ Fed. Appx. ___, 2006 WL 1793263 (10th Cir. 6/30/06) ("Arrington's sentence became final . . . when the Supreme Court denied his petition for a writ of certiorari, regardless of the fact he filed a petition for rehearing from the denial of certiorari.  *See United States v. Willis,* 202 F.3d 1279, 1280-81 (10th Cir. 2000).").

[4] *E.g., Price v. Philpot,* 420 F.3d 1158, 1163-64 (10th Cir. 2005) ("The prison mailbox rule . . . holds that a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents.") (internal citations omitted); *United States v. Gray,* 182 F.3d 762, 765 n. 4 (10th Cir. 1999) (prison mailbox rule applies to § 2255 motions).

and the envelope containing the motion was postmarked on the anniversary date of the Supreme Court's denial, or October 4, 2005. *See Doc. 10* at 2.[5] Under the above calculation rules, I too find the petition timely. At the very least, it was postmarked on the anniversary date and, therefore, is timely.

The United States' assertion that Guerrero's § 2255 motion is untimely is based on the mistaken premise that he never filed a petition for certiorari after the Tenth Circuit's February 2, 2004 decision. *See Doc. 16* at 2-3. Defendant's motion to strike the response points out that problem. *See Doc. 19.* However, the United States has never responded to Defendants' motion to strike (or other motions), nor has it amended its response to address the merits of the § 2255 motion.

Assuming for the purposes of argument that the United States stands by its timeliness argument, it is true that Guerrero did not petition for certiorari after dismissal of his *pro se* appeal in the reentry case. However, the counseled appeal in the methamphetamine case was taken to the Supreme Court and that is the case that is the subject of Defendant's § 2255 motion and motion to amend. For example, his § 2255 motion specifically cites the methamphetamine case as

---

[5] *See also United States v. Fredette,* ___ Fed. Appx. ___, 2006 WL 2277989 at * 2 (10th Cir. 8/9/06) (in context of § 2255 motion noting that a prisoner "'can establish the date on which he or she gave the papers to be filed with the court to a prison official in one of two ways. First, if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule. The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system-or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the mandatory method by which a prisoner proves compliance with the mailbox rule is to submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [filing's] date of deposit with prison officials and attest that first-class postage was pre-paid,'" quoting *Price,* 420 F.3d at 1165 with internal citations and quotations omitted); *United States v. Atayde,* 151 Fed. Appx. 726, 726-27 (10th Cir. 2005) ("On March 24, 2005, Mr. Atayde signed and mailed a motion to vacate his sentence under 28 U.S.C. § 2255. . . . Under the "prison mailbox rule" this is the date on which the motion was filed for purposes of 28 U.S.C. § 2255."), *cert. denied,* 126 S. Ct. 1485 (2006).

the one at issue. *See Doc. 1.* Some of his complaints seem to relate to the illegal reentry case. For example, Defendant asserts that his trial attorney led him to believe that the methamphetamine charges would be dropped if he pleaded guilty to the illegal reentry, and that she "conspired" to have the indictments "split" into two cases so she could "secure double pay." However, the gist of these assertions is that counsel's ineffective conduct gave rise to the filing of the second methamphetamine case with harsher consequences than the original one-count charge. *See Docs. 2, 11.* I interpret that as a challenge to the methamphetamine conviction, and not the illegal reentry conviction. The rest of his claims, as well as the one he wants to add by amendment, pertain solely to the methamphetamine case. *See Docs. 2, 11, 22.*

Wherefore,

**IT IS HEREBY RECOMMENDED** that this matter not be dismissed as untimely, and the United States be required to respond to Defendant's motion to amend, motion to subpoena, and address merits of the claims raised in the original § 2255 motion.

**IT IS FURTHER RECOMMENDED** that Defendant's motion to strike the United States' Response *(Doc. 19)* be denied as moot.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE