IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

                                       CIV 05-1074 BB/CEG
v.                                           CR 01-683 BB
                                         CR 02-953 BB

JOSE ESTEBAN GUERRERO,

      Defendant-Movant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Jose Esteban Guerrero's ("Guerrero") pro se § 2255 motion, which raises eleven separate allegations falling under two categories: involuntary plea and ineffective assistance of counsel. *See Docs. 1, 2, 11.* In addition, Guerrero has filed the following motions: (i) motion to amend his § 2255 motion (ii) motion for order to subpoena state records, (iii) motion for leave to reply, (iv) motion for order of discovery, and (v) motion for an evidentiary hearing. *See Docs. 22, 23, 34-36.* For the reasons below, I recommend that Guerrero's § 2255 motion be denied. I also recommend that Guerrero's motion for order to subpoena state records, motion for order of discovery, and motion for an evidentiary hearing be denied. I further recommend that his motion to amend and motion for leave to reply be denied as moot.

## I. Factual and Procedural Background

### A. Criminal Action Number 01-683 ("The Reentry Case")

There are two distinct but related criminal suits involving Guerrero. The first was initiated

by a two count indictment that charged him with illegal reentry and distributing 500-plus grams of methamphetamine. *See Doc. 8* of CR 01-683.[1]  The trial was continued several times while the assigned Federal Public Defender awaited lab results on the drugs and fingerprints. *See Docs. 20, 23, 27.*  The Federal Public Defender also moved to have the illegal reentry count "redacted," arguing evidence of prior convictions was unnecessary to support the illegal reentry count and would be prejudicial. *Doc. 26* at 4.

After the Federal Public Defender withdrew due to a conflict, Angela Arellanes ("Ms. Arellanes") was appointed. *See Docs. 32.*  Thereafter, the United States notified Guerrero that it would seek an enhancement based on his 1991 conviction from Maricopa County Arizona Superior Court for conspiracy to possess cocaine (the "1991 Possession conviction"). *See Doc. 49.*  Ms. Arellanes then moved to sever the counts because of the asserted prior conviction. *See Doc. 50.*  The United States countered that it wanted to dismiss the distribution count because "[b]ased upon additional evidence obtained to date in this cause, the government is not prepared to proceed with the prosecution of [the distribution count] at this time, and will investigate the matter further." *Doc. 54* at 2.

District Judge Black granted the United States's motion to dismiss the distribution count. *See Doc. 58.*  On May 3, 2002, Guerrero pleaded guilty to illegal reentry. *See Docs. 59, 60.*  At the plea hearing, Guerrero was informed that in the future the United States was "not bound to not charge him for anything else." *Reentry Plea Transcript* at 10.  Guerrero also signed a plea agreement containing similar language. *See Doc. 60* at 4-5.

---

[1] All further document references in this subsection only are to those filed in *United States v. Guerrero*, CR 01-683.

2

By pleading guilty Guerrero received a three level reduction for acceptance of responsibility under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1. *See Presentence Investigation Report ("PSR")* of CR 01-683 at 10. Guerrero's guideline imprisonment range was eighteen to twenty-four months. *Id.* However, had he not received the three level reduction, his guideline imprisonment range would have been twenty-seven to thirty-three months. *Id.* Judge Black sentenced Guerrero to eighteen months imprisonment, the lower end of the guideline imprisonment range. *See Docs. 62, 63.*

### B.  Criminal Action Number 02-953 ("The Methamphetamine Case")

Within two weeks after Guerrero entered his plea in the reentry case, the United States filed another criminal complaint against Guerrero for distribution of methamphetamine. *See Doc. 1* of MJ 01-286. Ms. Arellanes was again appointed to represent Guerrero. *See Doc.* 2 of CR 02-953.[2] The new indictment was for the same 500-plus gram drug transaction that was dismissed in the reentry case, however it named a co-defendant, Thomas Roy Dunlap ("Dunlap"). *See Doc. 1.* The new indictment also asserted three separate crimes against each defendant: (i) conspiracy to distribute, (ii) possession with intent to distribute, and (iii) actual distribution. *Id.* Judge Black was assigned the case and it too was considerably delayed, in part because the co-defendant was at large and requested extensions after he was apprehended. *See, e.g., Docs. 9, 23.*

Dunlap pleaded guilty to an information charging him with possession with intent to distribute less than 50 grams of methamphetamine. *See Docs. 58, 60.* Guerrero, though, chose to go to trial. *See, e.g., Doc. 65.* Prior to selecting the jury, the United States informed Guerrero

---

[2]  All further document references in this subsection only are to those filed in *United States v. Guerrero*, CR 02-953.

that it would seek an enhanced sentence, this time based on two prior felony convictions: a 1997

conviction from Maricopa County Arizona Superior Court for sale of marijuana and the 1991

Possession conviction. *See Docs. 64, 72*. The jury found Guerrero guilty on all three counts. *See*

*Doc. 67*. As a result of the enhancements, Guerrero was sentenced to life imprisonment. *See*

*Docs. 73, 76*. Dunlap received fifteen months. *See Doc. 85*.

### C. The Appeal and the Federal Habeas Proceedings

Ms. Arellanes filed a notice of appeal on March 11, 2003 in the methamphetamine case.

However, another attorney took over the briefing during the direct appeal. *See Docs. 78, 87* of

CR 02-953. Appellate counsel raised four issues: (i) prejudicial misconduct by the prosecutor

during closing argument, (ii) sufficiency of the evidence regarding conspiracy, (iii) prosecution

failure to strictly comply with notice requirements for sentence enhancement, and (iv) failure to

prove the two prior felonies. The Tenth Circuit rejected these arguments and affirmed the

convictions on February 2, 2004.[3]  *See United States v. Guerrero,* 89 Fed. Appx. 140 (10th Cir.

2004), *cert. denied,* 543 U.S. 898 (2004).

Appellate counsel timely filed a petition for certiorari with the Supreme Court of the

United States on April 29, 2004. There, Guerrero's attorney raised the same four assignments of

error. After briefing, the Supreme Court denied certiorari on October 4, 2004.[4]

In the federal habeas proceedings, the United States originally contended that Guerrero's

§ 2255 motion was not timely filed. *See Doc. 16*. My earlier proposed findings concluded that

---

[3]  Despite a waiver of the right to appeal his conviction and sentence for illegal reentry, Guerrero
attempted to appeal the conviction pro se. The illegal reentry appeal was dismissed for lack of prosecution. *See
Docs. 65, 66* of CR 01-683.

[4]  *See Guerrero v. United States,* 543 U.S. 898 (2004); *Guerrero v. United States, No. 04-5406* (Supreme
Court docket sheet, available on Westlaw.com through Keycite for 89 Fed. Appx. 140).

Guerrero's motion was timely filed and I recommended that the United States respond to the merits of the § 2255 motion, as well as Guerrero's other pending motions. *See Doc. 25.* The United States has responded to the merits of the § 2255 motion and Guerrero's other pending motions. *See Docs. 31*, *38, 39.* This matter, then, is now ready for review.

## I.  Involuntary Plea Claim

Guerrero claims that his counsel coerced him into pleading guilty in the reentry case. As factual support for this claim, Guerrero alleges that his attorney led him to believe that in exchange for pleading guilty to the reentry count, the government would dismiss the distribution count with prejudice. *See Doc. 2* at 1; *Doc. 37* at 5. A review of the record, however, shows otherwise.

Guerrero's plea agreement, executed on May 3, 2002, expressly states: "The parties agree, however, that nothing in this plea agreement restricts the government's ability to file narcotics-related charges against the defendant for conduct occurring in the District of New Mexico and elsewhere." *Doc. 60* of CR 01-683 at 4-5. In addition, the plea agreement also states that: "the defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement." *Id.* at 5. Just above Guerrero's signature appear the words: "I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it." *Id.* at 6.

At the May 3, 2002 change of plea hearing Guerrero entered his plea of guilty to the illegal reentry count. Guerrero, with the aid of an interpreter, stated under oath that: (i) he had been read the entire plea agreement in Spanish before signing it, (ii) he understood the plea

agreement, (iii) his attorney had not threatened or tried to force him to plead guilty, and (iv) no

other promises had been made to him besides what was presented in the plea agreement.  *See*

*Reentry Plea Transcript* at 4, 8.  In addition, the United States Attorney made it clear that

nothing in the plea agreement barred the government from subsequently refiling the dismissed

distribution count:

> THE COURT: [A]nything further to come before the Court
> on behalf of the government?
> MR. ORTEGA: Yes, Your Honor.  Two matters which are
> contained in the plea agreement. . . . the second matter is something
> that Ms. Arellanes alluded to a minute ago.  And that is, he is
> pleading to Count 2.  But the United States is not bound to not
> charge him for anything else.  In other words, there could be other
> charges coming.
> THE COURT:  All right.  You're going to dismiss Count 1
> then perhaps refile.  That's your choice.

*Id.* at 10.

The United States Supreme Court's longstanding test for determining the validity of a plea

is simply "whether the plea represents a voluntary and intelligent choice among the alternative

courses of action open to the defendant."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  "A valid

guilty plea may not be obtained through coercion."  *Osborn v. Shillinger*, 997 F.2d 1324, 1327

(10th Cir.1993) (citations omitted).  However, even when a defendant is "hounded, browbeaten"

and cursed at by counsel to enter a plea, statements of voluntariness made in court control.

*United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996).  "The voluntariness of [a] plea can be

determined only by considering all of the relevant circumstances surrounding it."  *Brady v. United

States*, 397 U.S. 742, 749 (1970).

The record contains numerous declarations by Guerrero indicating that he was entering his

plea voluntarily and that he understood that the distribution count was being dismissed without

prejudice.  Based on the plea agreement and the plea colloquy quoted above, I simply cannot conclude that Guerrero was of the opinion that the distribution count was to be dismissed with prejudice.  "Solemn declarations in open court carry strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Further, the record plainly indicates that in the reentry case the distribution count was dismissed before Guerrero even entered his plea.  *See Docs. 58, 59* of CR 01-683.  Regardless of whether Guerrero pled guilty to the reentry count, the distribution count was going to be refiled by the government, adding a conspiracy charge and a co-defendant.  *See Doc. 1* of CR 02-953.  Clearly, then, the record does not support Guerrero's dismissal "exchange" allegation.[5]

However, even if some sort of a dismissal exchange had existed, Guerrero's claim fails because he cannot establish prejudice under the two-part *Strickland* test.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).  "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show . . . that, but for counsel's error, the defendant would have insisted upon going to trial."  *United States v. Silva*, 430 F.3d 1096, 1099

---

[5] In addition, for the same reasons, Guerrero's claims that his counsel was ineffective for failing to contest the "duplicity of the drug count" and failing to secure dismissal of the distribution count with prejudice are completely without merit.  *See Doc. 11* at 2.  Further, Guerrero's claim that Ms. Arellanes and the Assistant United States Attorney conspired to secure a dismissal of the distribution count without prejudice is also completely without merit.  *See Doc. 11* at 1.  The record, as explained above, clearly shows that Guerrero had notice that the dismissed distribution count was going to be refiled.

To the extent that Guerrero is claiming that his right to a speedy trial was violated by the delay that occurred between the reentry indictment and the methamphetamine indictment, such a claim is also without merit. *See United States v. MacDonald*, 456 U.S. 1, 8-9 (1982) ("Once charges are dismissed, the speedy trial guarantee is no longer applicable.  At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation."); *United States v. Loud Hawk,* 474 U.S. 302, 311 (1986); *United States v. Reardon*, 787 F.2d 512, 518 (10th Cir. 1986); *see also Doc. 11* at 2.

(10th Cir. 2005).  Besides not even claiming that he would have insisted on going to trial, Guerrero cannot establish prejudice because the record reveals that he received a substantial benefit by entering his plea: his sentence was reduced by eleven months.[6]  Moreover, to the extent that Guerrero argues that his plea in the reentry case increased his sentence in the methamphetamine case, he is mistaken.  *See PSR* of CR 02-953 at 10.  As such, Guerrero cannot argue that he has been prejudiced.  Accordingly, I recommend that this claim be dismissed as without merit.

## II.  Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, Guerrero must satisfy a two-part test.  First, he must show that counsel's performance fell below an objective standard of reasonableness.  *See Strickland*, 466 U.S. at 687-88.  Judicial scrutiny of counsel's performance is highly deferential; thus, Guerrero must overcome the presumption that the challenged action might be considered sound trial strategy.  *Id.* at 689.  To be constitutionally ineffective, counsel's conduct "must have been completely unreasonable, not merely wrong."  *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999)*, cert. denied,* 120 S. Ct. 2206 (2000); *see also Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).  Second, Guerrero must show he has been prejudiced; that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  Conclusory assertions are insufficient to establish ineffective assistance.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  Because this test is two pronged, if either prong is not met, it is unnecessary to

---

[6]  Guerrero's guideline imprisonment range was eighteen to twenty-four months.  However, had he not pled his guideline imprisonment range would have been twenty-seven to thirty-three months.  Guerrero was sentenced to eighteen months imprisonment.  *See Docs. 62, 63* of CR 01-683; *PSR* of CR 01-683 at 10.

discuss the other.  *See, e.g., Hill*, 474 U.S. at 60.

### A.  *Claims Previously Determined on Appeal*

Guerrero claims that his counsel was ineffective in the methamphetamine case for failing

to object to: (i) certain comments made by the prosecutor during his closing argument, and (ii) the

legality of the 1991 Possession conviction used to enhance his sentence.  *See Doc. 2* at 3; *Doc. 11*

at 7, 12-13; *Doc. 40* at 3.  While Guerrero has now brought these claims under ineffective

assistance of counsel, they were previously determined on appeal.  *See Guerrero,* 89 Fed. Appx.

at 142-144, 145-147.  "Although cloaked in the guise of an ineffective assistance claim, this is the

same issue decided on direct appeal and cannot be raised again in a § 2255 motion."  *United*

*States. v. Anderson*, 17 Fed. Appx. 855, 858 (10th Cir. 2001).[7]  In so finding, however, the Court

notes that even if it were to consider the merits of the claims, both claims are without merit.[8]

_____

[7] *See also Reiter v. United States*, 371 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2005) ("It is well settled that federal prisoners may not use a Section 2255 motion to relitigate issues raised and addressed on direct appeal. . . . If the same issue was raised and addressed on appeal in a slightly different form, it is considered raised and addressed"); *Wheeler v. United States*, 2006 WL 1155236 at *2 ("[Movant] cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal."); *Clemons v. United States,* 2005 WL 2416995 at *2 (E.D. Tenn. 2005)("The allegation that the government failed to prove the elements of the firearm conviction was raised and rejected on direct appeal.  In sum, the evidence at trial was sufficient. . . . Clemons cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal.").

[8] As to the prosecutor comments, Guerrero argues that his counsel was ineffective for failing to object to two sets of comments during closing argument.  First, the prosecutor said that "people who deal drugs use code words because they don't want others to know what they are doing . . . .[The tape recordings] take you into a conversation between a drug dealer and a government informant."  *Guerrero,* 89 Fed. Appx. at 142-143; *see also Doc. 11* at 12-13.  Second, the prosecutor stated that "If I had a tape recorder on my dog, I could have still proved this case."  *Id.*

The statements that Guerrero complains of all referred to reasonable inferences drawn from evidence presented at trial.  The code comment specifically referred to testimony by a New Mexico State Police officer.  *See Trial Transcript* at 249.  Likewise, the dog comment was made to refute an attack by Ms. Arellanes in her closing argument regarding a drug informant's credibility.  *Id.* at 313-319.  Prosecutors may draw reasonable inferences from the evidence in their closing arguments and suggest such reasonable inferences to the jury.  *See United States v. Pena*, 930 F.2d 1486, 1490 (10th Cir. 1991); *United States v. Nolan*, 551 F.2d 226, 274 (10th Cir. 1977).  Guerrero has not presented any evidence to show that the prosecutor's comments were not based on reasonable inferences from the evidence presented at trial.  *See Doc. 11* at 12-13; *Doc. 2* at 3.  Counsel cannot be deemed ineffective for failing to raise a meritless issue.  *See United States v. Dixon*, 1 F.3d 1080, 1083 n.5 (10th Cir.

*B.  The Sentence Enhancement Claim*

Guerrero's principle claim is that in the methamphetamine case his counsel was ineffective for failing to object to his allegedly improper sentence enhancement.  To support this claim Guerrero argues that the 1991 Possession conviction was for simple possession and, therefore, it does not qualify for an enhancement pursuant to the definition contained in U.S.S.G. § 4B1.2. *See Doc. 11* at 1, 7; *Doc. 2* at 2-3; *see also Doc. 40* at 2.  A review of the record and the applicable case law demonstrates that Guerrero's claim should be dismissed.

       As an initial matter, Guerrero's premise that his sentence was enhanced pursuant to U.S.S.G. § 4B1.1 is factually incorrect.  Guerrero's sentence was enhanced pursuant to 21 U.S.C. § 841(b)(1)(A).  *See Sentencing Transcript* at 80-81; *PSR* of CR 02-953 at 14-15.  "Section 841(b)(1)(A) requires imposition of a 'mandatory term of life imprisonment without release' if (1) a defendant is convicted of violating § 841(a), (2) that conviction involved a certain requisite amount of drugs, and (3) the crime was committed 'after two or more prior convictions for a felony drug offense have become final.'"  *United States v. Harris*, 369 F.3d 1157, 1167 (10th Cir. 2004).  In determining whether Guerrero's two prior drug offenses qualified, the Court utilized the statutory definition set forth in 21 U.S.C. § 802(44): "the term 'felony drug offense' means an

---

1993), *abrogated on other grounds by Florida v. White*, 526 U.S. 559 (1999); *United States v. Cook*, 45 F.3d 388, 393 (10th Cir. 1995).  As such, Guerrero cannot argue that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced.

       As to counsel's failure to object to the legality of the 1991 Possession  in a written motion, the record clearly shows that such a motion was unnecessary.  To prove that Guerrero was the same individual that was convicted of the 1991 Possession , the government produced the following: (i) admissions by Guerrero to the 1991 conviction from his plea in the reentry case, (ii) a certified copy of the judgment for the 1991 Possession conviction, (iii) records from his immigration file showing that he had been deported for the 1991 Possession conviction, and (iv) expert testimony that the fingerprint on the warrant of deportation for the 1991 Possession conviction matched Guerrero's.  *See Sentencing Transcript* at 5-8, 10, 13-21, 64-66; *see also Doc. 72* of CR 02-953.  Such evidence demonstrates that an objection to the validity of the 1991 Possession conviction was not warranted and that by failing to do so, counsel's performance was not objectively unreasonable.  In addition, because such an objection was unnecessary, Guerrero cannot show that he was prejudiced.

offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.'"[9]  *See PSR* of CR 02-953 at 14.   The Court also utilized U.S.S.G. § 5G1.1(b), which states that the "statutory required minimum sentence shall be the guideline sentence," even when the "statutory required minimum sentence is greater than the maximum applicable guideline range."  *See also Sentencing Transcript* at 80-81; *PSR* of CR 02-953 at 14-15.

Guerrero's sentence was properly enhanced pursuant to 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 802(44), and U.S.S.G. § 5G1.1(b).  The Court did not utilize U.S.S.G. § 4B1.1.  Guerrero's enhancement claim is factually incorrect and, therefore, there was no basis for an objection by his counsel.  Counsel cannot be deemed ineffective for failing to raise a meritless issue.  *See Dixon*, 1 F.3d at 1083 n.5.  Accordingly, I recommend that this claim be dismissed.

However, construing Guerrero's pro se pleading liberally, he also argues that his counsel was ineffective for failing to argue that the term 'felony drug offense,' which appears in 21 U.S.C. § 841(b)(1)(A), should be defined by U.S.S.G. § 4B1.2(2).  Section 4B1.2(2) defines a 'controlled substance offense' as one that requires intent to manufacture, import, export, or distribute.  Thus, he argues, under the definition contained in § 4B1.2(2) his 1991 Possession conviction should not have been used to enhance his conviction and because his counsel did not argue this point, she was ineffective.  *See, e.g., United States v. Sandle*, 123 F.3d 809, 810 (5th

---

[9]  Construing Guerrero's pro se pleadings liberally, to the extent that Guerrero is claiming that the 1991 Possession conviction does not fit within this definition, he is mistaken.  *See Doc. 11* at 7.  A copy of the judgment for the 1991 Possession conviction clearly states that it was a class 4 felony under the laws of the State of Arizona.  *See Doc. 23*, Ex. A.; *Doc. 38*, Ex. 3.  Pursuant to A.R.S. § 13-701, the term of imprisonment for such a felony is two and one-half years.  *See also, id.*

Cir. 1997).

While the Tenth Circuit has not directly commented on this issue, other circuits have.  For example, in a nearly identical factual situation, the Fifth Circuit held:

> Nothing in the statutory definition of 'felony drug offense' suggests that the term is limited to those possession offenses involving an additional intent element. Neither section 841(b)(1)(A) nor section 802(44) is ambiguous in this regard. Although Sandle would have us look to the more restrictive definition of 'controlled substance offense' under section 4B1.2(2) of the Sentencing Guidelines, we have no need to utilize the guidelines where the statute plainly mandates a more severe sentence. '[T]he guidelines provide that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."' (quoting U.S.S.G. § 5G1.1(b))

*Sandle*, 123 F.3d at 812.  In similar cases, other circuits have also come to the same conclusion. *See United States v. Hansley*, 54 F.3d 709, 717-718 (11th Cir. 1995) (holding that felony drug offense as defined by § 802(44) can include drug crimes requiring proof of only mere possession); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("nothing in the statutory definition for 'felony drug offense' remotely hints at the 'possession plus' gloss Spikes seeks to add to the statute"); *see also United States v. Curry*, 404 F.3d 316, 319-320 (5th Cir. 2005).

In accordance with the following case law, the Court finds that Guerrero cannot show that his counsel's performance was anywhere near "objectively unreasonable" or that but for counsel's failure to object, the outcome of his sentence would have been different.  Therefore, the Court recommends that this portion of the claim be dismissed.

### C.  Failure to Counsel Defendant Regarding the Enhancement

Guerrero alleges that his counsel was ineffective for failing to inform him of the "negative impact" of the enhancement information filed by the government before jury selection in the

12

methamphetamine case.  *See Doc. 11* at 4-5*; see also Doc. 64* of CR 02-953.  Guerrero contends

that had his attorney informed him of the negative impact of the enhancement he "would have

opted to enter a guilty plea in exchange of [sic] a lesser sentence."  *Doc. 11* at 4.

 The record discredits Guerrero's claim.  Guerrero first became aware of the possibility of

a sentence enhancement pursuant to 21 U.S.C. § 841 in the reentry case.  *See Doc. 49* of CR 01-

683.  Then, prior to jury selection in the methamphetamine case, Guerrero and his counsel made

the following statements:

>  MR. TIERNEY:  May it please the Court.  We have filed an
> information pursuant to 28 U.S.C. § 851.  I have a copy of it here,
> if the Court doesn't have a copy in front of it.  This is unusual,
> Your Honor, but I would request the Court read the information or
> at least explain it to the defendant.  If he's convicted, the defendant
> faces life without parole, and I want to make sure he understands
> that.
>  THE COURT:  All right. . . . Ms. Arellanes, have you been
> over that enhanced information with your client?
>  MS. ARELLANES:  I have, Your Honor, and he
> understands the consequences.
>  THE COURT:  Mr. Guerrero, have you talked to your
> attorney about the enhanced information filed under 21 United
> States Code, Section 851?
>  THE DEFENDANT:  Yes, sir.
>  THE COURT:  You understand that if you are convicted,
> you will be facing a life sentence?
>  THE DEFENDANT:  Yes.
>  THE COURT:  All right.  I think that's sufficient.

*Transcript of Preliminary Matters to Jury Selection* at 4-5.  Such solemn declarations in "open

court carry a strong presumption of verity."  *Blackledge,* 431 U.S. at 73-74.

 In addition, even if true, Guerrero's allegation is insufficient to support a claim of

ineffective assistance of counsel.  First, under *Strickland* such conduct is not completely

unreasonable.  *See Thomas v. United States*, 27 F.3d 321, 325 (8th Cir. 1994) (counsel's failure to

inform client of possibility of sentence enhancement as career offender does not fall below objective standard of reasonableness).  Second, Guerrero cannot establish prejudice.  *Cf. United States v. Gordon,* 4 F.3d 1567, 1571 (10th Cir. 1993) (holding that a defendant cannot show prejudice by making the "mere allegation" that "but for [his] counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial").  Guerrero claims that prejudice is shown because he would have chosen to plead guilty in order to avoid the enhancement.  Guerrero, however, improperly assumes that by pleading guilty he would have been able to avoid the enhancement.  He is incorrect.  Regardless of his plea, Guerrero faced a mandatory minimum life sentence.  As such, Guerrero did not suffer any prejudice from counsel's alleged failure to inform him of the "negative impact" of the enhancement.  *See, e.g., Guess v. United States*, 191 F.3d 452 (6th Cir. 1999).   "Regret and second-guessing his own refusal to cooperate with the government does not provide [movant] grounds for an ineffective assistance of counsel claim."  *United States v. Butler*, 118 Fed. Appx. 371, 373 (10th Cir. 2004).

### D.  Failure to Review PSR

Guerrero alleges that his counsel was ineffective for failing to review the PSR with him in the methamphetamine case.[10]  *See Doc. 11* at 9-11.  To support this claim Guerrero does not

---

[10]  Guerrero's claim is supported, in part, by the sentencing transcript:
> THE COURT: [Ms. Arellanes] have you read [the PSR] in Spanish with your client?
> MS. ARELLANES: Judge, a copy of the presentence report was provided to Mr. Guerrero.
> THE COURT: In Spanish?
> MS. ARELLANES: I didn't sit down and go word for word.  He has someone in the jail that goes over the presentence with him word for word.
> THE COURT: Did you inquire whether he had done that, had it read to him or gone over it in Spanish with his interpreter?
> THE INTERPRETER: Yes.
> THE COURT: All right.  Other than the challenges to the prior convictions in Phoenix, does defendant have any other factual challenges to

14

allege what objections, if any, he has to the contents of the PSR.[11]  *Id.*  For this reason his allegation is conclusory.  The Court has no basis on which to conclude that counsel's failure to review the PSR with him was objectively unreasonable or whether a failure to do so prejudiced him.  Guerrero utterly fails to suggest how, but for counsel's alleged error, the outcome of his case would have been different.  Accordingly, this claim should be dismissed.

### E.  Double Pay

Guerrero last claims that his court appointed counsel was ineffective because, in the methamphetamine case, she "attempted to secure double pay."  *Doc 2* at 2.  Guerrero claims that because he "could not obtain the required 'extra' fee, CJA counsel provided no assistance during pretrial, indictment, trial, and sentencing."  *Doc. 11* at 8.  Even assuming that his counsel did request double pay, having reviewed the entire record, the Court cannot conclude that Ms. Arellanes's performance fell below an objective standard of reasonableness at any stage of the proceedings.  Nor can the Court conclude that, but for Guerrero's failure to pay the extra fee, the result of the methamphetamine case would have been different.  Therefore, this claim should also be dismissed.

### III.  Motion to Amend § 2255 Motion

Construing Guerrero's pro se motion liberally, he asks the Court to allow him to amend his § 2255 motion, under the relation back doctrine, so it includes the allegation that his counsel

---

anything in the presentence report as amended January 15th, 2003?
MS. ARELLANES:  No factual challenges.
*Sentencing Transcript* at 78-79.

[11]  While the Court will not speculate as to what objections Guerrero has to the contents of the PSR, it does note that counsel did object to the inclusion of the 1991 Possession conviction at sentencing.  In addition, this claim has also been discussed in detail above.  *See Section II(A)-(B).*

was ineffective for failing to object to an alleged improper sentence enhancement. *See Doc. 22*. On October 21, 2005, the Court granted Guerrero leave to amend his § 2255 motion. *See Doc. 10*. Guerrero did so and he included the allegation that his counsel was ineffective for failing to object to the alleged improper sentence enhancement. *See Doc. 11* at 7. The Court's findings above considered Guerrero's claim. Accordingly, the motion should be denied as moot.

## IV.  Motion For Leave to Reply to Government's Amended Response

Guerrero asks the Court to allow him to file a reply to Respondent's Amended Response. *See Doc. 34*. The rules allow Guerrero to file a reply. *See Rule 5(d), Rules Governing Section 2225 Proceedings for the United States District Courts*. However, Guerrero has already filed his reply and the Court has considered it in its findings above. *See Doc. 37*. As such, this motion should also be denied as moot.

## V.  Motion for Order to Subpoena State Records / Motion for Order of Discovery

Guerrero also asks the Court to subpoena state records and for an order of discovery to show that the 1991 Possession conviction was for simple possession and, therefore, "does not qualify" for enhancement. *See Docs. 23, 35*. The Court's findings above conclude that Guerrero was properly sentenced and that his simple possession argument is misplaced. Therefore, there is no need for discovery or a subpoena and the Court recommends that the motions be denied.

## VI.  Motion for Evidentiary Hearing

Guerrero requests an evidentiary hearing. *Doc. 36*. The Court's findings above conclusively demonstrate that all the issues can be resolved on the record. As such, an evidentiary hearing is unnecessary and the motion should be denied. *See, e.g.*, *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996); *Rule 8(a), Rules Governing Section 2255 Proceedings for the*

*United States District Courts.*

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1)      the § 2255 motion be denied;

2)      the motion to amend be denied as moot (Doc. 22);

3)      the motion to subpoena state records be denied (Doc. 23);

4)      the motion for leave to reply be denied as moot (Doc. 34);

5)      the motion for order of discovery be denied (Doc. 35);

6)      the motion for evidentiary hearing be denied (Doc. 36); and

7)      this cause be dismissed with prejudice.


**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF
SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file
written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A
party must file any objections with the Clerk of the District Court within the ten day
period  if that party wants to have appellate review of the proposed findings and
recommended disposition.  If no objections are filed, no appellate review will be allowed.**


_____
UNITED STATES MAGISTRATE JUDGE

17